# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

DENNIS R. DERX                                                                           PLAINTIFF
ADC #162003

v.                                       5:17CV00040-JM-JJV

WENDY KELLEY,
Director, ADC; *et al.*                                                                DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I. INTRODUCTION

Dennis R. Derx ("Plaintiff") is incarcerated at the East Arkansas Maximum Unit of the Arkansas Department of Correction ("ADC") and filed this action *pro se* pursuant to 42 U.S.C. § 1983. (Doc. No. 4.) He[1] alleges he is transgender and Defendants, ADC officials, have denied him hormone therapy and/or a transfer to a unit that will provide appropriate treatment. (*Id*. at 4.) He also states he should have been referred to a committee on Gender Identity Disorder. (*Id*. at 5.) According to Plaintiff, he is prepared to castrate himself. (*Id*. at 6.) He seeks $5,000 in monetary damages, a transfer, and hormone therapy. (*Id*. at 7.) Defendants Davis Roderick,[2] the Health Services Administrator at the East Arkansas Regional Unit, and Albert Kittrell,[3] a psychiatrist at the East Arkansas Regional Unit, filed a Motion to Dismiss for Failure to State a

---

[1] It is unclear which pronoun Plaintiff prefers. As Defendants have done, the Court will refer to Plaintiff using masculine pronouns.

[2] This Defendant's name is actually Roderick Davis. (Doc. No. 16 at 1.) The Clerk shall amend the docket to reflect his correct name.

[3] This Defendant's full name is Albert Kittrell. (Doc. No. 16 at 1.) The Clerk shall amend the docket to reflect his full name.

2

Claim, contending Plaintiff's Amended Complaint fails to allege facts sufficient to state a claim against them and should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 16.) Arkansas Department of Correction Director Wendy Kelley and Warden Jeremy Andrews[4] have filed a separate Motion for Judgment on the Pleadings. Plaintiff has not responded, and this matter is now ripe for a decision. After careful review, and for the following reasons, I find the defense's Motions should be GRANTED and this matter should be dismissed for failure to state a claim upon which relief may be granted.

## II.     RULE 12(b)(6) STANDARD[5]

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a court to dismiss a claim on the basis of a dispositive issue of law. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). If, as a matter of law, "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," a claim must be dismissed, without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one. *Id.* at 327 (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)); *see also O'Neal v. State Farm Fire & Cas. Co.*, 630 F.3d 1075, 1077 (8th Cir. 2011).

When considering a motion to dismiss under Rule 12(b)(6), the court must accept as true all of the factual allegations contained in the complaint and all reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Young v. City of St. Charles, Mo.*, 244 F.3d 623, 627 (8th Cir. 2001). The court reads the

---

[4] This Defendant's name is actually Jeremy Andrews. (Doc. No. 21 at 1.) The Clerk shall amend the docket to reflect his correct name.

[5] Defendants Kelley and Andrews have filed a Motion for Judgment on the Pleadings. Both motions are reviewed under the same Rule 12(b)(6) standard. *See Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990).

3

complaint as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible. *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009). In addition to the complaint, the court may consider matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint. *See Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege facts sufficient to state a claim as a matter of law and not merely legal conclusions. *Young*, 244 F.3d at 627. The factual allegations in the complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* (quoting *Bell Atlantic*, 550 U.S. at 556). Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Bell Atlantic*, 550 U.S. at 557).

### III. ANALYSIS

Defendants contend Plaintiff has failed to state a claim upon which relief may be granted against them. (Doc. No. 17 at 4, Doc. No. 21 at 4.) They point to two factually similar cases filed in this district that were dismissed for failure to state a claim. (*Id.*)

In *Seger v. Norris; et al.*, Case No. 5:10CV00081-BSM, an ADC inmate alleged he suffered from Gender Identity Disorder and had tried without success to get treatment from ADC officials. (*Id.*, Doc. No. 2 at 6.) He sought monetary relief as well as evaluation and treatment "up

4

to and including hormones." (*Id*. at 15.) On screening, the magistrate judge recommended dismissal with prejudice of the plaintiff's claims, finding the plaintiff had been examined by medical staff at various ADC units and his disagreement with their treatment decisions did not amount to deliberate indifference to a serious medical need. (*Id.*, Doc. No. 6 at 4-6.) The magistrate judge also noted the plaintiff had failed to allege an actual injury. (*Id*. at 6.) The district judge approved and adopted the recommendation, dismissed the plaintiff's claims with prejudice, and entered a "strike" pursuant to 28 U.S.C. § 1915(g). (*Id.*, Doc. No. 24.) The United States Court of Appeals for the Eighth Circuit summarily affirmed. (*Id.*, Doc. No. 36 at 1.) A petition for rehearing *en banc* was denied. *Seger v. Norris; et al.*, No. 10-2711 (8th Cir. 2010).

Similarly, in *Reid v. Kelly; et al.*, Case No. 5:13CV00249-JLH, an ADC inmate alleged he suffered from Gender Identity Disorder and had been denied treatment throughout his incarceration. (*Id.*, Doc. No. 3 at 3.) He attempted to remove his testicles on two occasions, which resulted in emergency surgery. (*Id*. at 3-4.) The plaintiff sought monetary damages as well as estrogen replacement therapy and a transfer to a unit that would provide appropriate treatment. (*Id*. at 7.) The magistrate judge, on a motion to dismiss, recommended dismissal with prejudice of the plaintiff's claims against one defendant, finding the plaintiff's disagreement with the psychiatrist's treatment decisions failed to state a claim. (*Id.*, Doc. No. 39 at 7-8.) The district judge adopted this recommendation. (*Id.*, Doc. No. 41.) The plaintiff's claims against the remaining defendants were dismissed on summary judgment. (*Id.*, Doc. Nos. 89, 91.) The Eighth Circuit affirmed, holding the inmate could not establish an Eighth Amendment violation based on a disagreement with diagnosis and treatment decisions. *Reid v. Griffin*, 808 F.3d 1191, 1192 (8th Cir. 2015) (per curiam).

These decisions are consistent with other precedent. The Eighth Amendment prohibits the infliction of "cruel and unusual punishments" on those convicted of crimes. *Wilson v. Seiter*, 501 U.S. 294, 296-97 (1991). A prisoner advancing an Eighth Amendment claim based on medical care must, at a minimum, allege "deliberate indifference" to his "serious" medical needs. *Id.* at 297. Deliberate indifference to the serious medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Deliberate indifference may be manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with treatment once prescribed. *Id*. at 104-05. However, an inadvertent or negligent failure to provide adequate medical care cannot be said to constitute "an unnecessary and wanton infliction of pain." *Id*. at 105. Additionally, as long as the threshold of deliberate indifference is not crossed, inmates have no constitutional right to receive a particular or requested course of treatment, and prison doctors remain free to exercise their independent medical judgment. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997).

The Eighth Circuit has considered cases involving claims for treatment of Gender Identity Disorder, or for monetary damages for failure to provide such treatment, on only a few occasions. But in those cases, the Court has suggested the threshold of deliberate indifference is not met where some treatment is provided, albeit not the specific treatment the inmate desires. *See Reid*, 808 F.3d at 1192-93; *Long v. Nix*, 86 F.3d 761, 765-66 (8th Cir. 1996) (holding inmate failed to prove prison officials acted with deliberate indifference where record was full of evidence of attempts to provide treatment, which inmate resisted); *White v. Farrier*, 849 F.2d 322, 327 (8th Cir. 1988) (reversing summary judgment in favor of inmate where prison officials raised questions of fact on issues of

diagnosis and treatment, noting "[p]hysicians are entitled to exercise their medical judgment"). As the Court stated in *Long*:

> [N]othing in the Eighth Amendment prevents prison doctors from exercising their independent medical judgment. Prisoners do not have a constitutional right to any particular type of treatment. Prison officials do not violate the Eighth Amendment when, in the exercise of their professional judgment, they refuse to implement a prisoner's requested course of treatment.

86 F.3d at 765 (internal citations omitted).

More specifically, in *White*, the Court cited cases from other jurisdictions holding "inmates do not have a constitutional right to hormone therapy." 849 F.2d at 327 (citing *Supre v. Ricketts*, 792 F.2d 958, 963 (10th Cir. 1986); *Meriwether v. Faulkner*, 821 F.2d 408, 413 (7th Cir. 1987); *Lamb v. Maschner*, 633 F. Supp. 351, 353-54 (D. Kan. 1986)). Other courts have cautioned that the denial of hormone therapy based on a blanket rule, rather than an individualized determination, may constitute deliberate indifference. *See, e.g.*, *Fields v. Smith*, 653 F.3d 550, 555-57 (7th Cir. 2011); *De'Lonta v. Angelone*, 330 F.3d 630, 635 (4th Cir. 2003); *Allard v. Gomez*, 9 Fed. App'x 793, 794 (9th Cir. 2001) (unpublished). But that does not appear to be the case here. Plaintiff says he has been in treatment with Defendant Kittrell and a therapist (Doc. No. 4 at 6) but disagrees with their decision not to treat him with hormone therapy. "While in certain circumstances the failure to provide hormones and other courses of treatment can be constitutionally impermissible, the allegations of the present case do not show ignorance or an affirmative failure to treat, but rather caution and diagnostic disagreement." *Smith v. Hayman*, 489 Fed. App'x 544, 547 (3d Cir. 2012) (unpublished) (footnote omitted).

I am sympathetic to Plaintiff's claims. But these are claims about a disagreement with treatment decisions and insufficient to state an Eighth Amendment claim upon which relief may be granted. Therefore, Plaintiff has failed to allege facts sufficient to state a viable claim against

7

any of these Defendants – as a matter of law – and this matter should be dismissed for failure to state a claim upon which relief may be granted.

## IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.    The Clerk shall amend the docket to reflect the full and correct names of Defendants Roderick Davis, Albert Kittrell, and Jeremy Andrews.

2.    Defendants Davis and Kittrell's Motion to Dismiss (Doc. No. 16) be GRANTED.

3.    Defendants Kelley and Andrews's Motion to Dismiss (Doc. No. 20) be GRANTED.

4.    Plaintiff's claims against all Defendants be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

5.    Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[6]

6.    The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting these recommendations would not be taken in good faith.

DATED this 19th day of June, 2017.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[6] Title 28 U.S.C. § 1915(g) provides: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ."